IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT M. SMITH,

    Petitioner,

v.

WARDEN T. COULBOURN,[1]

    Respondent.

Civil Action No.: 23-cv-3390-LKG

Dated: January 22, 2024

## MEMORANDUM

Self-represented Petitioner Lamont M. Smith filed the above-captioned Petition for Writ of Habeas Corpus on December 13, 2023, seeking his immediate release from Wicomico County Detention Center. ECF No. 1. Petitioner also filed a Motion to Proceed in Forma Pauperis, which shall be granted. ECF No. 2. However, for the reasons stated below, the Petition must be dismissed.

Petitioner is a pretrial detainee awaiting retrial before the Circuit Court for Wicomico County, Maryland in case number C-22-CR-19-000554 on various drug-related charges pursuant to the Appellate Court of Maryland overturning his conviction and remanding the case for a new trial, which is currently scheduled on March 13, 2024. ECF Nos. 1, 4. Petitioner alleges that on November 29, 2023, he was due to be released from state custody on parole but was instead taken to the Wicomico County Detention Center pending trial. ECF No. 1 at 7. However, Petitioner alleges that he had already served the entirety of his four-year sentence for that conviction. *Id.* Petitioner asserts that he is therefore being illegally held without bail. *Id.* He contends that it is unreasonable to hold him without bail because he was released on his own recognizance during the original trial on these charges. *Id.* at 9.[2]

---

[1] Petition filed correspondence on January 2, 2024, indicating that the warden had changed at the Wicomico County Detention Center to Warden Tyler. ECF No. 4. The Clerk shall be directed to amend the docket to reflect the correct warden as respondent.

[2] Petitioner also includes allegations that he was placed in a pod at the Wicomico County Detention Center in which he contracted the Covid-19 virus, which he states has severely affected his health. ECF No. 1 at 7-8. A claim such as this is not appropriately brought in the context of petition for writ of habeas corpus. If Petitioner seeks to pursue this claim, he may file a separate civil rights complaint.

"Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and 'special circumstances' exist that justify intervention by the federal court." *Brazell v. Boyd*, 991 F.2d 787 (Table) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987)).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights.  *Brazell*, 991 F.2d 787 (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention, because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  The Petition does not demonstrate that Petitioner has exhausted his claims in state court. Notably, a request for bail review was just recently filed in state court on January 11, 2024.  *See Maryland v. Smith*, Case No. C-22-CR-19-000554 (Wicomico Cnty. Cir. Ct. 2024), https://casesearch.courts.state.md.us/casesearch/ (last visited Jan. 18, 2024).  As Petitioner's claim may be resolved in the context of his state criminal case, the Court will abstain from exercising jurisdiction so that it may be exhausted before the state court.

Petitioner having failed to show that special circumstances exist for the Court to intervene in the ongoing state criminal proceedings, the Petition will be dismissed without prejudice. A separate Order follows.

January 22, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge

2